Lena KARTANA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76671.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

Lena Kartana, Hayward, CA, pro se.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Annette M. Wietecha, Stephen J. Flynn, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Lena Kartana, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's deci-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the agency's finding that the harm Kartana suffered did not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Substantial evidence also supports the agency's finding that Kartana failed to demonstrate a well-founded fear of future persecution, *see id.* at 1018, because even as a member of a disfavored group, she failed to demonstrate the requisite level of individualized risk. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004). Further, the record does not compel the conclusion that Kartana established a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir. 2007) (en banc). Accordingly, we deny her asylum claim.

Because Kartana failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Substantial evidence also supports the agency's denial of Kartana's CAT claim because she failed to demonstrate that it is more likely than not that she will be tortured if she returns to Indonesia. *See Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**